Duquesne Slag Products Company, Plaintiff *v.* Ronald G. Lench, Secretary of General Services of the Commonwealth of Pennsylvania; George Pulakos, Secretary of Transportation of the Commonwealth of Pennsylvania; and their respective successors in office, Defendants.

386

Submitted on briefs, March 12, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Frank M. van Ameringen, Daniel R. Gigler,* and *van Ameringen & Knorr,* for plaintiff.

*Arthur H. Marateck,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for defendants.

OPINION BY JUDGE BLATT, July 23, 1979:

The petitioner, the Duquesne Slag Products Company, brought this action in equity seeking to restrain the Commonwealth defendants from requesting competitive bids for stone, gravel or slag on a *per-ton* basis and to compel bidding therefor on a *volume* basis instead. Preliminary objections have been filed, demurring to the action and raising a question of jurisdiction, and these are presently before us for disposition.

The defendants argue that because the petitioner seeks to compel affirmative action and because the alleged acts which the petitioner seeks to enjoin do not fall within one of the eight enumerated specific waivers of sovereign immunity as set forth in Act 152,[1] 42 Pa. C.S. §5110, the named defendants are immune from suit, and that this Court therefore lacks jurisdiction, which issue must be determined prior to any consideration of the immunity of the individual defendants. *Opie v. Glascow, Inc.,* 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977); *Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976).

It is clear that this Court has original jurisdiction of all civil actions against the Commonwealth or any officer thereof acting in his official capacity. It is equally clear that the named defendants here, Ronald

---

[1] 42 Pa. C.S. §2310 et seq.

G. Lench, Secretary of General Services and George Pulakos, Secretary of Transportation and their respective successors in office, are Commonwealth officers. They are persons performing state-wide policy-making functions who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign functions of state government. *Opie v. Glascow, Inc., supra; Tokar v. Department of Transportation,* 29 Pa. Commonwealth Ct. 383, 371 A.2d 537 (1977). We believe, therefore, that we do have jurisdiction. *Fischer v. Kassab,* 32 Pa. Commonwealth Ct. 581, 380 A.2d 926 (1977).

As to the issue of soverign immunity as a defense in an equity action such as this, however, we believe that the law is well-settled that the doctrine of sovereign immunity does not bar suits which seek to restrain state officials from performing affirmative acts which are alleged to be unlawful. *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111 (1963); *Clearview Land Development Company, Inc. v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976); *Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974). The so-called sovereign immunity trilogy of *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1973); *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978), and Act 152, which involved the abrogation and re-enactment of the sovereign immunity doctrine in particular trespass actions, do not in any way affect the basic law regarding equity actions against the Commonwealth.

The Commonwealth's preliminary objection in the nature of a demurrer raises the defense of res judicata and additionally alleges that because the petitioner has failed to aver an abuse of discretion, no cause of action has been set forth. The petitioner argues, however, that the defense of res judicata was improperly

raised in the form of a preliminary objection rather than in a responsive pleading under "new matter" as required under Pa. R.C.P. No. 1030. The law is clear that unless the facts essential to sustain the plea of res judicata appear in the complaint, the defense must be raised in an answer and not by preliminary objections. *Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A.2d 385 (1968). The petitioner's complaint makes no reference whatever to the prior action, and the affirmative defense of res judicata should therefore have been asserted by new matter. *Callery v. Blythe Township Municipal Authority*, *supra; Commonwealth v. Sunnybrook Dairies, Inc.*, 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977); *Chivers, Jr. v. School District of Mt. Lebanon*, 6 Pa. Commonwealth Ct. 622, 297 A.2d 187 (1972); *Margolis v. Miller*, 170 Pa. Superior Ct. 148, 84 A.2d 213 (1951). Inasmuch, however, as the complaint itself sets forth in detail and almost verbatim the same facts and issues pleaded in the prior case, we will consider it further in the interest of judicial economy. *See* Pa. R.C.P. No. 126.

The Commonwealth argues that the Dauphin County Court denied this petitioner's equity action in *Duquesne Slag Products Co. v. Woolworth*, 62 Dauphin Co. Rep. 265 (1951) and that this 1951 adjudication controls here because there is: (1) an identity in the thing sued upon; (2) an identity of the cause of action; (3) an identity of the persons and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 497, 327 A.2d 72, 74 (1974). The petitioner argues, however, that it would violate public policy and equitable standards to deny them a judicial forum wherein to review the current application of agency regulations on the basis that the question was decided in a lower court twenty-eight years

ago. We recognize, of course, that the passage of so long a time between cases may leave room for the intervention of very disparate circumstances, and that, if the circumstances are now substantially different, a prior case will not be regarded as controlling on the fact issues. *Long v. Parker,* 390 F.2d 816 (3d Cir. 1968). While we recognize that the petitioner did not refer to the earlier case in his complaint, we have found that the complaint itself sets forth the same facts which were alleged in the prior case and more importantly has not therefore made any allegations whatever as to different conditions or circumstances. The instant action must, therefore, be barred under the doctrine of res judicata.

The Commonwealth's demurrer will be granted, and the petitioner's complaint will be dismissed.[2]

### ORDER

AND Now, this 23rd day of July, 1979, the preliminary objections filed by the Commonwealth in the above-captioned matter are hereby granted, and the complaint in equity is therefore dismissed.

---

[2] Having decided this case on the defense of res judicata, we need not reach the merits of the other preliminary objection raised.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent. The majority grants the Commonwealth's demurrer on the basis that Plaintiff's cause of action is barred by the doctrine of res judicata. While the majority opinion recognizes that Pa. R.C.P. No. 1030 requires that the defense of res judicata as an affirmative defense must be set forth under new matter in an answer, it nevertheless proceeds to decide the case under Pa. R.C.P. No. 126 in the interest of judicial economy. In some cases, such a procedure is entirely appropriate. In the instant

case, however, I believe the circumstances warrant compliance with the mandate of Pa. R.C.P. No. 1030.

The basis of the defense of res judicata in the instant case is a prior action decided 28 years ago. There is no reference to the prior action in the Plaintiff's complaint. By raising the defense of res judicata as a preliminary objection in the nature of a demurrer, the Defendants effectively preclude the Plaintiff from explaining circumstances which may make the instant case substantially different from the prior one, in which case, res judicata would not apply. *Long v. Parker*, 390 F.2d 816 (3rd Cir. 1968). The majority states that "while we recognize that the Petitioner did not refer to the earlier case in his complaint, we have found that the complaint itself sets forth the same facts which were alleged in the prior case and, more importantly, has not therefore made any allegations whatever as to different conditions or circumstances." I fail to see how Plaintiff could make such allegations when the issue of res judicata is raised by a preliminary objection.

Accordingly, for the foregoing reasons, I would overrule the demurrer.

Judges WILKINSON, JR. and CRAIG join in this dissent.