Daniel H. Zurenda, Petitioner *v.* Commonwealth of Pennsylvania, A. L. Hydeman, Secretary of the Department of Community Affairs and Cambria County Redevelopment Authority, Respondents.

Argued November 3, 1978, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Paul L. Zeigler*, with him *Goldberg, Evans & Katzman*, for petitioner.

*Carol Porell Cocheres*, Assistant Attorney Generel, with her *Gerald Gornish*, Acting Attorney General, for respondents.

Opinion by Judge MacPhail, September 18, 1979:

Petitioner Daniel H. Zurenda (Zurenda) filed a petition with this Court seeking equitable and injunctive relief against the Department of Community Affairs (Department) and the Cambria County Redevelopment Authority (Authority).[1] Specifically, Zurenda seeks a judgment ordering the Department and the Authority (1) to terminate a group site maintenance contract in the flood stricken area of Johnstown

---

[1] On December 21, 1977, Zurenda filed a petition for a preliminary injunction. After a hearing before the Honorable Roy Wilkinson, Jr., Zurenda's petition was denied.

which they previously entered into with Interstate Manufacturing and Leasing Company (Interstate), (2) to refrain from further awarding any such contract to Interstate, and (3) to award the group site maintenance contract to Zurenda. The Department has filed a demurrer and preliminary objections challenging Zurenda's standing to sue, the jurisdiction of the Court to hear this matter, and Zurenda's failure to join an indispensable party. We will consider the objections seriatim.[2]

In ruling on preliminary objections, we accept as true all well and clearly pleaded facts as well as inferences fairly deducible therefrom, but not conclusions or averments of law. *Department of Public Welfare v. Adams County*, 30 Pa. Commonwealth Ct. 164, 165-66, 373 A.2d 143, 144 (1977); *Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 280, 366 A.2d 1298, 1301 (1976).

The Department first argues that Zurenda's petition does not state a cause of action upon which relief can be granted because it fails to allege that the Department engaged in fraudulent or collusive conduct in awarding the contract to Interstate rather than to Zurenda. The Department applies an incorrect standard in challenging the adequacy of the petition.

Until recently, the Courts of this Commonwealth had held that where a public authority had the right to reject any and all bids notwithstanding a requirement that the contract be awarded to the lowest responsible bidder, the rejection of all bids and a request for rebidding could be overturned only by showing that the authority had engaged in fraudulent or collusive conduct. *See Highway Express Lines, Inc. v. Winter*, 414 Pa. 340, 345, 200 A.2d 300, 302 (1964). Without directly overruling this principle, our Su-

---

[2] The Authority has filed an answer not now before us to Zurenda's petition.

preme Court recently cast doubt upon its continuing validity in *Lutz Appellate Printers, Inc. v. Commonwealth*, Pa. , 403 A.2d 530 (1979). More to the point, however, where the authority is to be guided by the lowest responsible bidder concept and the authority does not reject all bids but does award the contract to the lowest responsible bidder, the decision may be overturned for reasons other than fraudulent or collusive conduct. In *Lutz Appellate Printers, Inc. v. Commonwealth, supra,* for example, the Court ruled that Lutz could proceed on the theory that the Commonwealth committed an error of law in awarding a contract to a bidder other than Lutz. Here, Zurenda alleges that the Department committed an abuse of discretion in awarding the contract. We hold that such an allegation is also actionable. As our Supreme Court said in *Schuck v. School District of Baldwin Township*, 296 Pa. 408, 411, 146 A. 24, 24 (1929):

> There is a discretion vested in the board to determine who are and who are not responsible bidders,—a sound discretion to be exercised in a given way, . . .—but once it is determined which of the bidders are responsible, discretion ends; the contract must. be awarded, if at all, to the one of them whose bid is lowest, . . . .

*See also Kratz v. Allentown*, 304 Pa. 51, 54, 155 A. 116, 117 (1931); *Pearlman v. Pittsburgh*, 304 Pa. 24, 28-29, 155 A. 118, 119-120 (1931).[3]

---

[3] The above cited cases refer to situations in which the lowest responsible bidder concept was required by statute. The fact that there is no such statutory requirement in this case does not change the standard by which the contract is to be judged:

> The law in the field is that even in the absence of a constitutional or statutory requirement that a contract be awarded to the lowest responsible bidder, if in fact the public authority invites bids, public policy and the economical conduct of governmental business require that the contract be awarded to the lowest responsible bidder.

In order to maintain a cause of action here, Zurenda must sufficiently allege in his pleadings that the Department abused its discretion in awarding the contract at issue to Interstate rather than to Zurenda. Paragraph 15 of Zurenda's petition alleges that for 6 specifically enumerated reasons ''The Department's award of the contract to Interstate Manufacturing and Leasing Company is arbitrary, capricious, and therefore null and void. . . .'' A similar allegation is made in Paragraph 18 of the petition. Accepting as true all of the well pleaded facts of Zurenda's petition, we find that it states a valid cause of action against the Department. The Department's demurrer is overruled.

The Department next argues that Zurenda is suing as a disappointed bidder and, therefore, has no standing. It is well-established law in the Commonwealth that:

> [W]here bids for public contracts are invited and promised to be let to the lowest responsible competing bidder, a disappointed bidder who is also a taxpayer has standing to seek to enjoin the award of a public contract contrary to the promise.

*American Totalisator Co., Inc. v. Seligman,* 27 Pa. Commonwealth Ct. 639, 643, 367 A.2d 756, 758 (1976). *See also Lutz Appellate Printers, Inc. v. Commonwealth, supra,* Pa. at , 403 A.2d at 532. Paragraph 2 of Zurenda's petition states that he is ''an adult individual who is a taxpayer in the Commonwealth of Pennsylvania. . . .'' Paragraphs 16 and 17 of the petition allege that the acts involved in letting the contract and funding the group site maintenance projects involve the expenditure of moneys raised through the taxation of Pennsylvania taxpayers. Fi-

*American Totalisator Co., Inc. v. Seligman,* 27 Pa. Commonwealth Ct. 639, 644, 367 A.2d 756, 758 (1976).

nally, Paragraph 18 of the petition alleges that the Department's awarding the contract to Interstate is capricious and arbitrary and is injurious to the taxpayers of the Commonwealth, including Zurenda.

The Department argues that Zurenda's allegations that he is suing as a taxpayer rather than as a disappointed bidder are contradicted by the fact that as part of his relief he seeks to have the group site maintenance contract awarded to Zurenda Builders and Developers. It is true that neither a taxpayer nor a disappointed bidder is entitled to the judicial award of a public contract to a disappointed bidder. *Ogden Foods, Inc. v. State Farm Products Show Commission,* 11 Pa. Commonwealth Ct. 435, 440, 315 A.2d 329, 332 (1974). Zurenda, therefore, may not pursue this particular remedy. He does not lack standing, however, to seek to restrain the Department from contracting with Interstate. *See Lutz Appellate Printers, Inc. v. Commonwealth, supra,* and *American Totalisator Co., Inc. v. Seligman, supra.* The Department's preliminary objection based on standing is overruled.

The Department further argues that this Court lacks jurisdiction because that portion of Zurenda's petition which seeks a judgment ordering the Department to award the contract to Zurenda is barred by the doctrine of sovereign immunity. "Suits which seek to compel *affirmative action on the part of state officials* . . . are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity." *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963); *Concerned Taxpayers of Allegheny County v. Commonwealth,* 33 Pa. Commonwealth Ct. 518, 522-23, 382 A. 2d 490, 492-93 (1978).[4] We lack jurisdiction, there-

---

[4] Our Supreme Court and legislature have recently made substantial changes in the doctrine of sovereign immunity as it relates

fore, to compel the Department to enter into a contract with Zurenda, a remedy which we have already determined he lacks standing to pursue. It is within our jurisdiction, however, to order the Department to refrain from contracting with Interstate. The Department's preliminary objection is overruled as to that part of the complaint.

Finally, the Department argues, and Zurenda concedes, that Zurenda failed to join Interstate as an indispensable party to this action. We see no reason, however, to dismiss Zurenda's cause of action with prejudice as the Department has requested that we do. We are at an early stage in these proceedings and no undue hardship will be caused to either party by allowing Zurenda the opportunity to join Interstate in this suit. Therefore, we sustain the Department's preliminary objection based on the failure of Zurenda to join an indispensable party, but without prejudice to Zurenda to plead over and include Interstate. If Zurenda does not so plead within twenty days of our order, the petition shall be dismissed.

---

to trespass actions. *See DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978) ; *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) ; Act of September 28, 1978, P.L. 788, Act No. 152. These changes may also affect some equity actions. For example, that part of the decision in *Philadelphia Life Insurance Co. v. Commonwealth, supra,* permitting sovereign immunity as a defense in equity actions seeking to compel affirmative action by state officials was overruled by the Supreme Court in *Mayle v. Pennsylvania Department of Highways, supra.* Because sovereign immunity has not, in the past, been a bar to actions seeking to restrain public officials from acting, the recent legislative and judicial developments should not affect equity actions seeking restraining orders. It is not necessary, therefore, for us to discuss the implications of *DuBree, Mayle,* and Act 152 or our own decisions in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979) and *Estate of Armstrong*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979) in order to dispose of the issues before us in the instant case. *See Duquesne Slag Products Co. v. Lench*, 44 Pa. Commonwealth Ct. 385, 403 A.2d 1065 (1979).

74

And Now, this 18th day of September, 1979, the demurrer of the Respondent Secretary of the Department of Community Affairs is overruled. The Secretary's preliminary objections based on standing and sovereign immunity are sustained so far as Petitioner Daniel H. Zurenda's petition seeks to have the Secretary award the Johnstown group site maintenance contract to Zurenda Builders and Developers and are overruled so far as Petitioner seeks to restrain the Secretary from contracting with Interstate Manufacturing and Leasing Company. The Secretary's preliminary objection based on Petitioner's failure to join an indispensable party is sustained. Leave is granted to Petitioner to file an amended petition within twenty (20) days of this order. If Petitioner fails to file an amended petition within twenty (20) days of this order, the cause of action shall be dismissed as to the Commonwealth of Pennsylvania and A. L. Hydeman, Secretary of the Department of Community Affairs.