415 A.2d 53

**DUQUESNE SLAG PRODUCTS COMPANY, Appellant,**

v.

**Ronald G. LENCH, Secretary of General Services of the Commonwealth of Pennsylvania; George Pulakos, Secretary of Transportation of the Commonwealth of Pennsylvania; and their successors in office.**

Supreme Court of Pennsylvania.

Argued March 6, 1980.

Decided May 30, 1980.

Daniel R. Gigler, Robb, Leonard & Mulvihill, Pittsburgh, for appellant.

Paul A. Logan, Asst. Atty. Gen., Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

The Commonwealth Department of Transportation desired to purchase slag, stone, or gravel for use in highway repair and solicited bids from suppliers of these materials. It specified that it would contract on a tonnage basis. Appellant, Duquesne Slag Products Company, sells air-cooled blast furnace (ACBF) slag, a by-product of the production of pig iron. Appellant desired to bid on the contract but believed its basis to be improper. It filed a complaint in equity in Commonwealth Court against Secretary of General Services Ronald G. Lench, Secretary of Transportation George Pulakos, and their successors alleging that a given tonnage of slag has a greater volume than the same tonnage of the competing materials, that contracting on a tonnage basis would not set a common standard and would deny a fair opportunity to bid on equal terms, and that the Commonwealth should be ordered to contract on a volume basis. Commonwealth Court dismissed the complaint on the basis of *res judicata*, 44 Pa.Cmwlth. 380, 403 A.2d 1065 (1979). Appellant appeals this decision.

Appellant contends that appellee waived the defense of *res judicata* by failing to raise it in the proper manner.

Rule of Civil Procedure 1030 provides that "all affirmative defenses, including . . . res judicata, . . . shall be pleaded in a responsive pleading under the heading 'new matter' . . . ." This applies to actions in equity, Rule 1051. Appellee raised *res judicata* in preliminary objections. We have held that *res judicata* must be raised as a new matter and not in preliminary objections. *Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A.2d 385 (1968). In *Rufo v. The Bastian Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965), we held that where the Statute of Limitations was raised in a preliminary objection rather than in an answer with new matter, the plaintiff was required to file a preliminary objection to defendant's preliminary objection and raise the procedural defect. By failing to do so, the plaintiff waived the right to object to defendant's form of pleading. Commonwealth Court made a similar ruling in a case involving *res judicata*. *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 32 Pa.Cmwlth. 313, 379 A.2d 330 (1977). In the instant case, appellant did not file the required objection to appellee's preliminary objection. It therefore waived its claim that *res judicata* was raised in an improper manner.

We now proceed to the merits of the *res judicata* defense. It is based on the decision in *Duquesne Slag Products Co. v. Woolworth*, 62 Dauphin 265 (1951). In that case, the present appellant sued the Secretaries of Highways and Property and Supplies alleging, as here, that the purchase of slag on a tonnage rather than a volume basis was unfair and did not provide a common bidding standard when stone or gravel as well as slag might be used. The court held that the officers sued acted within their discretion. For the defense of *res judicata* to prevail, it is necessary that between the previous action and the present action there be identity in the thing sued on, identity of the cause of action, identity of the persons and parties to the action, and identity of the quality or capacity of the parties suing or sued. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974). Those conditions exist here. In both actions, the

gravamen of the complaint was the alleged unfairness of purchasing slag on a tonnage basis. The same plaintiff brought both actions. The Secretary of Transportation is now responsible for the functions formerly performed by the Secretary of Highways. In both cases, the suit was against Commonwealth agents responsible for the allegedly unfair bidding standard. The parties are identical and are involved in the same capacities as they were in the earlier action.

Appellant claims that inasmuch as *Duquesne Slag, supra,* was decided twenty-eight years prior to the instant case, it cannot be *res judicata*; further, it seeks an opportunity to prove a change in circumstances in the interim. As support for its assertion appellant relies upon *Long v. Parker,* 390 F.2d 816 (3d Cir. 1968).

Appellant's reliance upon *Long, id.,* is, however, misplaced; *Long* is clearly distinguishable from the instant case. The complaint in *Long* was one alleging discrimination based upon religion. The circuit court noted that the complainant in *Long* was a different person from he who had initiated the prior action, that the instances of alleged discrimination were not the same, and that there was an assertion in the complaint upon which a finding of disparate circumstances could be made.

None of the factors underpinning the court's decision in *Long* is present instantly. Disparate circumstances may be alleged at any time as a reason for not applying the doctrine of *res judicata* as conclusive forever on the parties. *Downing v. Halle Brothers Co.,* 395 Pa. 402, 150 A.2d 719 (1959). It was proper to dismiss the complaint on the basis of *res judicata.*

The order of the Commonwealth Court is affirmed.

EAGEN, C. J., concurs in the result.

ROBERTS, J., files a dissenting opinion which LARSEN, J., joins.

ROBERTS, Justice, dissenting.

Appellant Duquesne Slag Products Co. challenges the Department of Transportation's practice of requesting bids for stone, slag or gravel upon a straight per ton basis despite the alleged fact that only 87 tons of slag are necessary to lay the same cubical content on highways as 100 tons of stone. The Commonwealth Court, with three judges dissenting, dismissed appellant's action on the ground that appellant's unsuccessful litigation of a similar claim some twenty-nine years ago invokes the doctrine of res judicata, thereby precluding litigation of the instant claim. See *Duquesne Slag Products Co. v. Woolworth*, 62 Dauphin 265 (1951). The majority now affirms this order of the Commonwealth Court. I must dissent.

The majority misperceives the modern res judicata doctrine. Res judicata encompasses two different, though related, ways

"in which a judgment in one action will have a binding effect on another. This includes the effect of the former judgment where the later action proceeds on all or part of the very claim which was the subject of the former. In traditional terminology, this effect is called merger or bar; in modern terminology it is called claim preclusion. A second effect is traditionally known as collateral estoppel and modernly called issue preclusion. It has to do with an issue determined in a first action when the same issue arises in a later action based upon a different claim or demand."

F. James, Jr. and G. C. Hazard, Jr., Civil Procedure 532 (2d ed. 1977); see Restatement (Second) of Judgments §§ 47–61.2 (claim preclusion) (Tent. Drafts No. 1, 1973 and No. 5, 1978) and 68–68.1 (issue preclusion) (Tent. Draft No. 5, 1978).

The majority apparently believes that "claim preclusion" governs this case. I cannot agree. While it is true that the issues raised now are similar, perhaps identical, to those

raised twenty-nine years ago, the instant claim is separate and distinct from the former claim. A "claim" refers to "all rights of the plaintiff to remedies against the defendant arising with respect to all or any part of the transaction, or series of connected transactions . . . ," and a transaction refers to a factual incident or event. Restatement (Second) of Judgments, supra at § 61. Appellant's old claim arose from the Commonwealth's bidding practice twenty-nine years ago, while appellant's present claim concerns those practices as they are today. The transactions underlying each claim, and thus the claims themselves, are clearly separable and discrete. Accordingly, the doctrine of claim preclusion adopted by the majority is inappropriate here.

The rule of issue preclusion requires that when:

"an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

Restatement (Second) of Judgments, supra at § 68. Exceptions to this rule, however, require that appellant be permitted to proceed with the instant litigation. Appellant alleges that developments in science and technology since 1951, as well as changes in government practice since 1951, demonstrate the validity of appellant's present claim and its entitlement to proceed to litigate that claim. In light of the alleged wholly changed circumstances and the substantial passage of time since the former action, it would be unfair to preclude appellant from challenging the twenty-nine year old decision. See Civil Procedure, supra at 572–73; accord Restatement (Second) of Judgments, supra at § 68.1. This is especially so since the right to challenge that decision is available to all of appellant's competitors. Accordingly, the order of the Commonwealth Court should be reversed and the cause remanded for further appropriate proceedings.

LARSEN, J., joins in this dissenting opinion.