Marcia L. LIGAS, as Administratrix of the Estate of Michael Richard Ligas, Deceased, and as surviving spouse of Michael Richard Ligas, and as Guardian for her minor daughter, Marcie, the surviving child of Michael Richard Ligas, Appellant,

v.

Carl J. ALLEN, Jr., the City of Pittsburgh, and Robert J. Coll, Jr., in his official capacity as Superintendent of the Department of Police of the City of Pittsburgh, Appellees.

Nos. 84–3523, 84–3673.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) May 2, 1985.

Decided June 26, 1985.

Rehearing and Rehearing En Banc Denied July 29, 1985.

James R. Duffy, Harlan S. Stone, Stone & Stone, Pittsburgh, Pa., for appellant.

D.R. Pellegrini, City Sol., Marvin A. Fein, Deputy City Sol., Dept. of Law, City of Pittsburgh, Pittsburgh, Pa., for appellees.

Before SEITZ, WEIS, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The plaintiff's complaint sought damages under 42 U.S.C. § 1983 for the death of her husband who was shot by defendant Allen, a police officer employed by the City of Pittsburgh. The district court granted summary judgment to the city and its Superintendent, Coll, based on the res judicata effect of a state court judgment in a related common law negligence suit. With the consent of the plaintiff, judgment was also entered in favor of Allen, the police officer, because of his discharge in bank-

ruptcy. Plaintiff has appealed only the judgments against Coll and the city.

The plaintiff's decedent, Michael Ligas, was killed by Carl J. Allen, Jr., a Pittsburgh police officer who was off duty at the time of the incident. Believing that the decedent was engaged in criminal activity. Allen fired four shots, one of which struck Ligas and killed him. Allen was later convicted of manslaughter and served a prison term.

Plaintiff filed a common law negligence action in the state court in July 1980 against Allen and the city. Soon afterwards the city filed a motion for summary judgment based on the State Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat. Ann. §§ 8541–59 (1980). In December 1981, the present suit was filed in the district court naming as defendants the city, Allen, and Robert J. Coll "in his official capacity as Superintendent of Police."

On March 19, 1982, the state court granted the city's motion for summary judgment based on the immunity granted by the Political Subdivision Tort Claims Act. The claims against Allen were listed for trial. Plaintiff later withdrew the appeal which she had taken to the Pennsylvania Superior Court.

Meanwhile, Allen filed a motion for stay in the district court, alleging that the federal court action duplicated the state court proceeding. In October 1982, the district court denied the motion, finding no basis for abstention. In its memorandum opinion the court commented, "though federal and state courts have concurrent jurisdiction in section 1983 matters, the plaintiff has chosen not to submit her federal constitutional claims to the state tribunal. Instead she initiated the section 1983 claim in federal court and joined an additional defendant, Robert Coll."

The case proceeded to trial in the federal court in November of 1983, but when the jury was not able to reach a verdict a mistrial was declared. In early 1984, the United States Supreme Court decided *Mi-gra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), holding that in § 1983 cases federal courts should give the same preclusive effect to a state judgment as would the state courts.

Relying on *Migra*, the city and Coll filed motions for summary judgment in the district court in February of 1984. In granting the motions, the district court reasoned that *Migra* had effectively overruled *New Jersey Educ. Assn. v. Burke*, 579 F.2d 764 (3d Cir.), *cert. denied*, 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978). In that case, we had concluded that "a state court judgment forecloses a section 1983 litigant from raising grievances in federal court only if such claims have been pressed before, and decided by a state tribunal." *Id.* at 774. The district court noted that under *Burke* Ligas could have asserted her § 1983 action in the federal tribunal because she had not raised that claim in the state court.

Following *Migra's* teachings, the district court determined that it was required to explore Pennsylvania law on res judicata. Finding identity in parties, issues, and causes of action, *see Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 415 A.2d 53 (1980), the court observed that plaintiff had the opportunity to raise the § 1983 claim in the state court proceeding. Because she had not done so, summary judgment was entered in favor of Coll and the city. By this time Allen's discharge in bankruptcy had become final, and judgment was entered on his behalf as well.[1]

In *Wade v. City of Pittsburgh*, decided this date, we held that under Pennsylvania law a summary judgment based on the immunity granted by the Pennsylvania Political Subdivision Tort Claims Act is not a resolution on the merits. Consequently, such a judgment has no preclusive effect on a federal civil rights claim arising out of the same occurrence. That holding requires reversal of the summary judgment against Coll and the city in this case.

---

1. A claim for willful injury may be discharged in bankruptcy if the victim does not object. *See*

11 U.S.C. § 523(a)(6), (c).

We therefore find it unnecessary to decide what procedural action by a party will preserve federal issues for resolution by a federal court when an action on a state claim is filed in the state court. *See Migra,* 465 U.S. at —— n. 7, 104 S.Ct. at 898 n. 7; *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Kovats v. Rutgers,* 749 F.2d 1041 (3d Cir.1984); *New Jersey Educ. Assoc. v. Burke,* 579 F.2d 764 (3d Cir.1978). Nor do we decide whether the proof against the police superintendent "in his official capacity" differs from that which might be required against a city under the standards of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Brandon v. Holt,* —— U.S. ——, ——, n. 25 105 S.Ct. 873, 879 n. 25, 83 L.Ed.2d 878 (1985); *see also City of Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

Finally, because no appeal has been taken from the entry of judgment in favor of Allen, we do not consider the propriety of that ruling here.

Accordingly, the judgment of the district court in favor of the City of Pittsburgh and Superintendent Coll will be vacated and the case will be remanded for further proceedings consistent with this opinion.