**Donna KING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (K–MART CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1995.

Decided Sept. 8, 1995.

Kenneth M. Rodgers, Philadelphia, for petitioner.

Patricia A. Mattern, Philadelphia, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

█ Donna King (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee[1] granting the termination petition of K–Mart Corporation (Employer). We reverse.

Claimant was employed as a jewelry department manager by Employer when she suffered a work-related injury damaging her coccyx on January 16, 1980. Pursuant to a notice of compensation payable Claimant began receiving compensation benefits in the amount of $121.00 per week on February 18, 1980. On or about July 25, 1983 Employer filed a petition for termination alleging that Claimant's compensable disability had ceased as of July 14, 1983, which was denied.

On February 6, 1990, Employer filed a termination petition alleging Claimant's disability had ceased as of August 8, 1989.

Claimant denied recovering from her injury. The relevant facts, as found by the referee are as follows:

4. In support of its petition, Defendant presented the deposition testimony of Dr. Marc Manzione who examined Ms. King on August 8, 1989. Dr. Manzione found no objective physical abnormalities and no objective, physical basis for her complaints of pain. After careful consideration, the Referee finds Dr. Manzione's testimony both credible and convincing and the Referee accepts Manzione's conclusions.

5. Claimant presented the deposition testimony of Dr. Andrew Newman, the Referee finds Newman's testimony less credible than that of Dr. Manzione and rejects his conclusions.

6. As of the date of Manzione's examination, Ms. King was fully recovered from her work-related injury. Any disability that she suffered from was the result of some other cause and not related to her work injury.

7. The testimony of the Claimant herself and of her husband must be disregarded as not competent on the subject of cause of disability.

8. Catherine McKermott testified to the offer of a job to the Claimant with equivalent hours and pay, but the Claimant never applied for or attempted it.

Referee's Decision, February 9, 1990.

The referee concluded that "defendant is not barred by res judicata.... The evidence presented here is not identical, although Defendant's object clearly is [and that] [d]efendant has sustained its burden to prove by competent, unequivocal evidence that Claimant had fully recovered from her work-related injury...." Referee's Decision, Conclusions of Law No. 1, 2. The Board affirmed, concluding that substantial evidence existed to support the referee's finding that Claimant's disability from the work-related injury had ceased.

---

1. Referees are now called Worker's Compensation Judges under the new amendments to The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190. Because this action occurred prior to the effective date of the amendments, this Court will refer to Joseph Hagan as a referee and not as a Workers' Compensation Judge.

■ On appeal, Claimant contends that Employer failed to establish substantial medical evidence that Claimant's injury had changed and that Employer's termination petition is invalid under the doctrine of *res judicata.* Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

Initially, we note that "the burden of proof in a termination petition is on the employer to show that all disability related to the compensable injury has ceased, and, if a claimant is currently disabled, the employer must show a lack of causal connection between that disability and the compensable injury." *Giant Eagle v. Workmen's Compensation Appeal Board (Chambers),* 161 Pa.Commonwealth Ct. 35, 635 A.2d 1123 (1993).

In *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991), *reversed on other grounds,* 534 Pa. 327, 632 A.2d 1302 (1993) this Court extensively reviewed and analyzed the doctrine of *res judicata.*[2] This Court stated:

As Mr. Justice Roberts explained in *Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980), the 'modern res judicata doctrine' encompasses two different though related ways

in which a judgment in one action will have a binding effect on another. This included the effect of the former judgment where the later action proceeds on all or part of the very claim which was the subject of the former. In traditional terminology it is called claim preclusion. second effect is traditionally known as collateral estoppel and modernly called issue preclusion. It has to do with an issue determined in a first action when the same issues arise in a later action based upon a different claim or demand.

490 Pa. at 107, 415 A.2d at 55 (Roberts, J., dissenting) (quoting F. James, Jr. and G. Hazard, Jr., Civil Procedure 532 (2d ed. 1977)).

. . . .

Claim preclusion involves the same claim or cause of action in both the prior and subsequent action. . . .

. . . .

A final judgement in a prior proceeding operates to preclude a claim only where there is a concurrence of four conditions: (1) identity of the subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the parties suing or being sued. Nevertheless, it generally has been held that there is identity of causes of action when the subject matter and the ultimate issues are the same in both the old and the new.

In a line of workmen's compensation cases beginning with *Robachinski v. Workmen's Compensation Appeal Board (Glen Nan, Inc.),* 33 Pa.Commonwealth Ct. 89, 380 A.2d 952 (1977), we consistently have held that claim preclusion does not operate to bar a second claim petition which alleges a date of disability later than that alleged in the first claim petition. There is no identity of causes of action in such situations because the subject matter and the ultimate issues of the two claim petitions, being upon different time periods, are not identical. (citations omitted).

*Id.* at 186–90, 597 A.2d at 187–89.

On appeal, while agreeing with our discussion of *res judicata,* our Pennsylvania Supreme Court noted that ,"[R ]es Judicata or issue preclusion prevents an employer from relitigating, by way of a petition to modify or terminate benefits, the original medical diagnosis underlying a referee's finding of a claimant's disability as of the date of the compensation award." *Hebden,* 534 Pa. at 330, 632 A.2d at 1304 (citation omitted).

Finally, the claimant in *Hebden* presented medical testimony that pneumoconiosis is ir-

---

**2.** The Supreme Court's reversal was not based upon this Court's review and analysis of the doctrine of *res judicata.*

reversible and tends to get worse over time. His employer failed to produce any testimony on the reversibility of the disease. Our Pennsylvania Supreme Court determined that the employer failed to meet its burden of producing evidence to rebut the claimant's testimony that the disease was irreversible. Accordingly, our Supreme Court reversed this Court and reinstated Hebden's benefits.

Claimant alleges that she suffered a work-related injury damaging her coccyx on January 16, 1980. The referee determined that Claimant had sustained a work-related injury and granted benefits. Employer filed a termination petition on July 25, 1983. In support of the July 25, 1983 termination petition, Employer presented the deposition testimony of Dr. John T. Williams (Dr. Williams), a Board certified Orthopedic Surgeon. Dr. Williams opined that Claimant had fully recovered from her work-related injury and that he could find no explanation for her complaints of pain. The referee chose not to accept this testimony as credible and accordingly dismissed the petition.

Seven years later, on February 6, 1990, Employer filed another termination petition alleging that Claimant had recovered from her work-related injury. In support of this second petition, Employer presented the deposition testimony of Dr. Marc Manzione (Dr. Manzione), a Board certified Orthopedic Surgeon. Like Dr. Williams, Dr. Manzione also opined that Claimant is no longer disabled and that he could find no explanations for her complaints of pain. On cross examination, however, Dr. Manzione admitted that Claimant's medical condition has remained unchanged since the previous termination petition was filed on July 25, 1983.[3]

Section 413 of the Act, 77 P.S. § 772, states that "[a] referee designated by the department may, at any time, modify, reinstate, suspend, or terminate ... an award of the department or its referee...." We have held that the burden is on the petitioner to prove that an employee's disability has increased or decreased after the date of a referee's award.

Employer's July 25, 1983, termination petition alleged that Claimant's condition had changed and that she was no longer disabled. The referee chose not to accept the opinion of employer's medical witness and found that her disability continued. The referee found as follows:

10. In support of its petition, Defendant presented the deposition testimony of Dr. John T. Williams, who saw Claimant one time, which was on July 14, 1983. In opposition to the petition, Claimant presented the deposition testimony of Dr. Ronald Greene, who saw Claimant one time, which was on February 17, 1984.

11. Dr. Williams was unable to determine any cause whatever for Claimant's complaints. He believed Claimant would be perfectly able to perform her regular employment duties.

12. Dr. Greene's examination revealed that Claimant suffers from a chronic permanent condition of coccyxdynia and is permanently disabled from working.

13. The Referee has carefully compared the medical testimony adduced in this case and finds Claimant's medical testimony to be more persuasive than Defendant's medical testimony. The Referee, therefore, finds that Defendant has not carried its burden of proving that Claimant was able to return to work as of the date of Dr. Williams' examination on July 14, 1983.

Referee's Decision, July 14, 1987, at 2; R.R. at 14R.

In support of its February 6, 1990, termination petition Employer presented a second medical expert who once again opined that Claimant was no longer disabled. This witness also stated that there was no change in Claimant's condition since the initial termination petition was filed.

---

3. Mr. Kenneth Rodgers, Claimant's attorney to Dr. Manzione:
  Q: ... [I]s it your opinion that there was a change in her medical condition from July 1983 until you saw her August 8, 1989 ...?
  A: According to this report the patient was having the same complaints then as when I saw her in 1989. So, in that sense I don't think much had changed.
Deposition of Marc Manzione, M.D. (Dr. Manzione Deposition) September 11, 1990 at 28; Reproduced Record (R.R.) at 205R.

■ We find the current termination petition must fail by reason of issue preclusion. Here, Employer failed to demonstrate any change in Claimant's condition after the July 14, 1987, dismissal of the initial termination petition by the referee. Accordingly, we reverse the decision of the Board and dismiss Employer's termination petition.

### ORDER

AND NOW, to wit, this 8th day of September, 1995, the order of the Workmen's Compensation Appeal Board at No. A93–1884, and dated December 9, 1994, is reversed.