J-A18029-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| WILLIAM SIMMONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 257 WDA 2019 |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered January 16, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. AR 17-004269

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    FILED OCTOBER 07, 2019

Appellant William Simmons appeals from the order sustaining the preliminary objections filed by Appellee State Farm Mutual Automobile Insurance Company.  On appeal, Appellant contends that the trial court erred because Appellee did not raise the defense of res judicata in a new matter. Similarly, Appellant contends that res judicata does not apply to bar the instant lawsuit.  We reverse and remand.

We glean the following from the record.  Appellant had purchased from Appellee automobile insurance for a 1996 Dodge Caravan vehicle.  R.R. at 166a.[1]  On December 12, 2014, an unknown vehicle damaged Appellant's vehicle.  Id.  Appellant repaired the vehicle himself but, according to

_____

[1] We cite to the reproduced record for the parties' convenience.

Appellant's pro se amended complaint, claimed Appellee would not compensate Appellant until he sent a "certificate of salvage." Id. Appellant also alleged that the vehicle was "involved in another accident" on December 21, 2015. Id.

The payment standoff ultimately prompted Appellant to file a pro se lawsuit against Appellee in magisterial district court. Appellant's pro se complaint raised claims of bad faith and breach of contract and requested punitive and compensatory damages. Id. at 77a.[2] On April 14, 2016, the magisterial district court ruled against Appellant. Docket, AR-16-1777. Appellant filed an appeal de novo with the trial court.

On May 4, 2016, Appellant, still acting pro se, filed a complaint in trial court raising claims of bad faith and breach of contract against Appellee and requesting punitive and compensatory damages. Id. On May 19, 2016, Appellee filed preliminary objections claiming that because the complaint failed to state any facts, the trial court should dismiss the complaint. On June 6, 2016, the trial court sustained the objections and instructed Appellant to file an amended complaint within thirty days.

_____

[2] The record does not reveal the date Appellant filed his pro se complaint in magisterial district court. We add that the record transmitted to this Court did not include the proceedings in the magisterial district court.

On June 21, 2016, Appellant filed a pro se amended complaint.[3] Id. at 150a. Appellee filed preliminary objections, averring, among other items, that Pennsylvania law precluded it from paying Appellant until he obtained a "certificate of salvage." Id. at 16a. On July 18, 2016, the trial court sustained Appellee's preliminary objections and dismissed the complaint. Id. at 173a.[4] Appellant did not appeal.

Meanwhile, on June 17, 2016, a tree fell on Appellant's vehicle, damaging it. R.R. at 8a. As a result, Appellant filed another claim with Appellee. Id. Appellant claimed that Appellee paid $1,466.90 to repair the vehicle, but that additional damage was discovered during the repair. Id. Appellant informed Appellee, which sent him a second check for $1,269.72. Id. Appellant alleged that Appellee stopped payment on the second check and improperly claimed that the vehicle was a total loss. Id.

On January 31, 2018, Appellant filed a counseled complaint against Appellee, raising two claims. First, Appellant asserted that Appellee breached the contract by improperly denying him payments to repair the vehicle. Id. at 7a-9a. Second, Appellant claimed that Appellee acted in bad faith under 42 Pa.C.S. § 8371. Id. at 9a-11a.

_____

[3] This pleading was a factual recitation that, it appears, the parties and the trial court construed as an amended complaint implicitly incorporating the legal claims raised in Appellant's initial pro se complaint.

[4] The original typewritten draft of the order included the clause "with prejudice," which the trial court had crossed-out. Order, 7/18/16.

Appellee filed preliminary objections alleging that Appellant, acting pro se, had previously sued Appellee in 2016 "for damage to the same vehicle" at issue. Id. at 16a. Appellee reiterated the procedural history in that lawsuit and asserted, among other things, that Appellant's 2018 lawsuit for the June 2016 tree damage was barred by collateral estoppel, i.e., the order disposing of Appellant's pro se 2016 lawsuit for the December 12, 2014 vehicle damage.[5] Id. at 16a-17a.

Appellant did not file preliminary objections to Appellee's preliminary objections. Instead, Appellant filed a response in opposition, arguing, among other things, that the 2018 lawsuit was distinguishable from Appellant's prior pro se lawsuit involving the 2014 accident.

On January 16, 2019, the trial court docketed the following order sustaining Appellee's preliminary objections and dismissing the lawsuit:

> And now, to-wit, this 3 day of January, 2019, it is hereby ordered, adjudged, and decreed, that [Appellee's] preliminary objections are sustained, and:
>
> 1) This action is dismissed;
>
> 2) [Appellant's] bad faith claim is dismissed;
>
> 3) [Appellant's] demand for consequential and compensatory damages on the bad faith claim is stricken.

---

[5] Appellant's pro se amended complaint is difficult to understand, so it is unclear as to whether Appellant was also pursuing a claim for the December 21, 2015 vehicle damage.

J-A18029-19

Order, 1/16/19 (some capitalization omitted).[6]  Appellant timely appealed.

The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b).

Appellant raises the following issues:

1. Whether the court below erred in sustaining [Appellee's] preliminary objections and dismissing [Appellant's] complaint when the facts averred in the complaint establish a valid cause of action against [Appellee] for breach of the contract of insurance for dishonoring a check delivered in payment for a covered loss?

2. Whether the court below erred in sustaining [Appellee's] preliminary objections and dismissing the cause of action and claim for damages for bad faith against [Appellee] when the facts averred in the complaint establish a valid cause of action against [Appellee] for bad faith insurance practices under 42 Pa.C.S.A. § 8371?

Appellant's Brief at 5.

In support of his first issue, Appellant asserts that the trial court should not have considered res judicata because Appellee should have invoked res judicata in a new matter and not in preliminary objections.  Id. at 15.  In Appellant's view, because the instant complaint did not reference his prior pro se lawsuit, Appellee should have raised res judicata in a new matter.  Id. at 17.  Appellant argues that he did not waive his right to pursue this procedural defect on appeal.  Id.

_____

[6] The trial court signed the order on January 3, 2019, and time-stamped the order as filed on January 8, 2019.  The trial court's docket, however, states that notice of service of the order occurred on January 16, 2019.

- 5 -

On the merits, Appellant concedes that the instant lawsuit involved the "same parties and vehicle," as his prior pro se lawsuit, but that the instant lawsuit "involves a separate and distinct incident with new damages claims." Id. at 19. Appellant additionally stresses that the trial court did not issue a final judgment in his 2016 pro se lawsuit and dispositive findings of fact. Id. With respect to collateral estoppel, Appellant claims that because he "was never given the opportunity for a full and fair determination," the doctrine could not apply. Id.

The standard of review follows:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Weinar v. Lex, 176 A.3d 907, 925 (Pa. Super. 2017) (citation omitted).

The Weinar Court also explained the doctrine of res judicata as follows:

"Res judicata" means "a thing adjudged" or a matter settled by judgment. Traditionally, American courts have used the term res judicata to indicate claim preclusion, i.e., the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.

Preclusion is a question of law, and our review is de novo.

Id. at 914-15 (citations and footnote omitted).

Four elements must be fulfilled before res judicata applies:

Application of the doctrine of res judicata as an absolute bar to a subsequent action requires that the two actions possess the

- 6 -

following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties. Additionally, res judicata will bar subsequent claims that could have been litigated in the prior action, but which actually were not[.]

We have observed that, "[t]he dominant inquiry" under these elements "is whether the controlling issues have been decided in a prior action, in which the parties had a full opportunity to assert their rights."

Id. at 915 n.10 (citations omitted). "When the cause of action in the first and second actions are distinct, or, even though related, are not so closely related that matters essential to recovery in the second action have been determined in the first action, the doctrine of res judicata does not apply." Chada v. Chada, 756 A.2d 39, 43-44 (Pa. Super. 2000) (citation omitted).

Under both federal and Pennsylvania law, a central hallmark of the preclusion doctrine is that a prior judgment may bar relitigation only of a claim that has been decided "on the merits." For res judicata purposes, a judgment on the merits "is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." This has been the law of Pennsylvania for more than a century. Accordingly, we have emphasized that res judicata "cannot be applied" to any judgment that does not render a final substantive decision on a claim.

Weinar, 176 A.3d at 915-16 (citations and footnote omitted).[7] Further, under Pennsylvania law, res judicata "must be raised as a new matter and not in

_____

[7] With respect to whether an order sustaining preliminary objections is a final judgment on the merits, the Pennsylvania Supreme Court observed as follows:

As a general rule, where preliminary objections are sustained and a complaint is dismissed, the order sustaining the preliminary objections and dismissing the complaint is final and appealable.

preliminary objections." Duquesne Slag Prods. Co. v. Lench, 415 A.2d 53, 54 (Pa. 1980); accord Pa.R.C.P. 1030 (stating that res judicata "shall be pleaded in a responsive pleading under the heading 'New Matter'"); Richmond v. McHale, 35 A.3d 779, 782 (Pa. Super. 2012).[8]

Initially, to the extent Appellant argues that the trial court should not have considered res judicata because Appellee raised it in its preliminary objections and not a new matter, Appellant waived the issue. See Duquesne Slag Prods., 415 A.2d at 54; Richmond, 35 A.3d at 782. Because Appellant failed to file preliminary objections to Appellee's preliminary objections, Appellant cannot challenge Appellee's procedural violation for the first time on appeal. See Duquesne Slag Prods., 415 A.2d at 54; Richmond, 35 A.3d

---

> After said appeal time has expired, the doctrine of res judicata becomes applicable and the order may not be vacated.

Gasbarini's Estate v. Med. Ctr. of Beaver Cty., Inc., 409 A.2d 343, 345 (Pa. 1979) (citations omitted); accord In re Nadzam, 203 A.3d 215, 219 (Pa. Super. 2019).

[8] The Richmond Court noted as follows:

> Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.

Richmond, 35 A.3d at 782 (citation omitted).

at 782; see also Pa.R.A.P. 302 (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

As for the application of res judicata, we agree with Appellant that the trial court erred. Appellant's 2016 lawsuit was for a cause of action distinct from the 2018 lawsuit. Specifically, Appellant's pro se 2016 lawsuit raised claims deriving from damage to his vehicle from the December 12, 2014 accident. R.R. at 166a. Appellant's 2018 lawsuit raised claims based on the June 17, 2016 tree damage to his vehicle. Id. at 7a. Although the parties, capacity of the parties, and the vehicle at issue are identical, the causes of action are distinct. See Weinar, 176 A.3d at 914 n.10; Chada, 756 A.2d at 43-44. Because the cause of action differs, the trial court erred in sustaining preliminary objections on the basis of res judicata. See Weinar, 176 A.3d at 925.[9]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[9] We add that the trial court rendered a final judgment by sustaining the preliminary objections in Appellant's pro se 2016 lawsuit. See Gasbarini's Estate, 409 A.2d at 345. The trial court for the 2016 lawsuit did not, nor could it, render a judgment on Appellant's claim for the June 17, 2016 tree damage. Given the limited record, we decline to address whether Appellant's claim for tree damage ripened such that his amended pro se complaint, filed on June 21, 2016, should have included such a claim. We add that Appellee is not foreclosed from raising its "certificate of salvage" defense.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>10/7/2019</u>