**MILESTONE MATERIALS,
INC., Petitioner,**

**v.**

**DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, COMMONWEALTH OF PENNSYLVANIA; and John C. Oliver, in his Official Capacity as Secretary of Department of Natural Resources, Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 12, 1999.

Decided May 13, 1999.

Reargument and Reconsideration Denied June 10, 1999.

Allen Warshaw, Harrisburg, for petitioner.

Joseph C. Crawford, Philadelphia and Virginia J. Davison, Harrisburg, for respondents.

Before DOYLE, J., PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Before this Court is a motion for summary judgment filed by the Department of Conservation and Natural Resources, the Commonwealth of Pennsylvania, and John C. Oliver, in his official capacity as Secretary of the Department of Conservation and Natural Resources, Commonwealth of Pennsylvania (collectively, the Department), requesting this Court to grant its motion and dismiss the Petition for Review filed by Milestone Materials, Inc. (Milestone). In response to the Department's motion for summary judgment, Milestone has filed a cross-motion for summary judgment. George E. Logue, Inc. (Logue) is a party to the underlying action.

This case involves 250 acres of State Forest land owned by the Department in Armstrong Township, Lycoming County, Pennsylvania. On a portion of this property is an abandoned stone quarry. Logue, a company in the business of quarrying stone, approached the Department about reopening the stone quarry for mining purposes and paying the Department a set royalty per ton of stone.[1] Allegedly, at the suggestion of Charles Kiehl, the District Forester, the Department and Logue agreed that a contract for the removal of minerals from State Forest land would not be to the best advantage of the parties. However, because the Department had a list of properties that it wanted to acquire, including land owned by Logue, the parties eventually agreed upon a land swap in which Logue gave the Department approximately 651 acres of land it owned in Lycoming County[2] in exchange for approximately 250 acres of State Forest land owned by the Department, including the

---

1. Logue anticipated removing four million tons of rock and paying a royalty of $0.325 per ton on every ton.

2. The property consisted of 168.23 acres located in Gamble Township; 90.67 acres located in McHenry Township; and 393 acres located in McNett Township.

property with the abandoned stone quarry which Logue intended to mine.[3]

Milestone, a company also in the business of quarrying stone, filed a Petition for Review with this Court alleging that the Department had circumvented the statutory and regulatory requirements associated with contracts or leases for the removal of minerals from State Forest land[4] by illegally describing the contract as an "exchange of lands."[5] Because the "exchange of lands" between the Department and Logue also provided for Logue to re-convey the land it was given back to the Department after it completed mining that land, Milestone alleged there actually was no exchange of land but only the removal of minerals by Logue which it was required to competitively bid. Milestone also claimed that even if the transaction was actually an exchange of lands that was permissible by statute, the land exchanged by the Department was not equal to or greater than the land it swapped with Logue. As a remedy, Milestone requested this Court to enter judgment declaring that the exchange of lands by deeds was actually a contract or lease for removal of minerals from State Forest lands and to rescind the contract, as well as mandamus relief ordering the Department to follow the statutory and regulatory requirements relating to bidding for the removal of minerals from State Forest land.

The Department alleges that it is entitled to summary judgment because the transaction with Logue was not a disguised contract for the removal of minerals from State Forest lands as alleged by Milestone, but an exchange of lands for which deeds were exchanged and permitted pursuant to Section 302(a)(11) of the Act. The Department further contends that it complied with the requirements for the exchange of State Forest lands found at Section 1(a) of the Act of May 5, 1921, P.L. 418, 32 P.S. § 131(a). That Section provides:

> Whenever the State Forest Commission shall determine and declare, by a resolution adopted unanimously at a meeting when a majority of its members are present and voting *and approved by the Governor,* that it will be to the advantage of the State forest interests said State Forest Commission may, by such resolution so approved, authorize either of the following actions to be taken:

3. Prior to the land transaction occurring, Milestone filed an Application for Special Relief with this Court requesting us to enjoin the Department and Logue from entering into that transaction. It alleged that the transaction was a thinly disguised contract for the removal of minerals by Logue, and was awarded by the Department without the benefit of the competitive bidding process required by law. The Application for Special Relief was denied and the Department and Logue eventually entered into the land transaction.

4. Section 302(a)(6) of the Conservation and Natural Resources Act (Act), Act of June 28, 1995, P.L. 89, 71 P.S. § 1340.302(a)(6), provides in relevant part:

> The department is hereby empowered to make and execute contracts or leases in the name of the Commonwealth for the mining or removal of any valuable minerals that may be found in State forests ... whenever it shall appear to the satisfaction of the department that it would be for the best interests of this Commonwealth to make such disposition of those minerals. Any

> proposed contracts or leases of valuable minerals exceeding $1,000 in value shall have been advertised once a week for three weeks, in at least two newspapers published nearest the locality indicated, in advance of awarding such contract or lease. The contracts or leases may then be awarded to the highest and bet bidder ... [.]

5. Section 302(a)(11) of the Act, 71 P.S. § 1340.302(a)(11), provides:

> **§ 1340.302(a)(11) Forests**
> **(a) Acquisition, establishment and disposition.**-The department has the following powers and duties with respect to the acquisition, establishment and disposition of State forest lands and certain other Commonwealth-owned resources:
>
> \* \* \*
>
> (11) To sell *or exchange* State forest land, as provided by law, whenever it shall be to the advantage of the State forest interests, provided that such action has been approved by the Governor. (Emphasis added.)

(a) That, after such public hearing as the State Forest Commission may prescribe, any State forest land, together with the buildings, improvements, and appurtenances thereof, *may be exchanged for privately owned land of equal or greater value and at least equally adapted to State forest purposes.* (Emphasis added.)

Because it exchanged State Forest land for land that was privately owned by Logue, purportedly at a greater value than that traded to Logue, re-conveyance was to the Commonwealth's advantage and the Governor approved the exchange, the Department argues that its motion for summary judgment should be granted because it complied with the Act's requirements for the exchange of lands making the competitive bidding requirements for the sale of minerals inapplicable.

■ In opposition and in support of its cross-motion for summary judgment, Milestone alleges there are no issues of material fact because the "land exchange" was actually a contract for mining on State Forest land for minerals in excess of $1,000 which was required to be open for public bid, but was entered into in order to avoid the bidding requirements. To support its contention, Milestone alleges that the land transaction operates exactly like a contract or lease because Logue gets to possess the land for a period of time during which it will get to remove minerals. When it is done removing those minerals, it will return all of the land to the Department just as it would at the end of a leasehold period. It also argues that the Department's motion for summary judgment cannot be granted because there is a material issue of fact as to whether the land received from Logue was of the same or greater value as the land given to Logue by the Department.[6]

■ As to the issue of whether the land swapped between the Department and Logue violated the competitive bidding requirement of the Act, just because property may have minerals or other assets as part of its realty does not preclude the Department from swapping that land even if the land contains minerals that the other party wants to mine. If land swaps could not occur because they were otherwise subject to bidding, no swap of State Forest land could ever occur because bidding is required for the sale of all State Forest land, not just mineral rights.[7] *See* Section 1(b) and Section 5 of the Act of May 5, 1921, P.L. 418, 32 P.S. §§ 131(b) and 135.[8] In effect, Section 302(a)(11) of the Act

---

6. When considering a motion for summary judgment, we must view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of fact against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992).

7. Pursuant to Section 514 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 194, the Commonwealth may sell real estate it owns but only with the specific authority from the General Assembly.

8. 32 P.S. § 135 provides:
Before the sale of any State forest land under the power granted by this act, the State Forest Commission shall advertise such proposed sale, at least once each week for three successive weeks, in at least two newspapers published within the State, one of which shall be published in the city or town nearest the land to be sold.

32 P.S. § 131(b) provides:
Whenever the State Forest Commission shall determine and declare, by a resolution adopted unanimously at a meeting when a majority of its members are present and voting and approved by the Governor, that it will be to the advantage of the State forest interests, said State Forest Commission may, by such resolution so approved, authorize either of the following actions to be taken:

* * *

(b) That, after the advertisement provided for in section five hereof, any State forest land, together with the buildings, improvements and appurtenances thereof, declared by said resolution to be more valuable for other use than for State forest purposes and not needed for use in the administration and protection of the State forests, may be sold to the party or parties offering the highest price therefor.

authorizing land swaps sanctions what Milestone says is a violation – i.e., the avoidance of competitive bidding for State Forest land.

 However, while the Department can swap land, minerals or not, and avoid the competitive bidding process, the transaction must be a true land swap. In this case, we have a swap and then a re-conveyance of land by Logue back to the Department after the minerals are mined as evidenced by Exhibit "A" of the Agreement between the Department and Logue. It provides:

AS A CONDITION OF THIS CONVEYANCE, George E. Logue, Inc. covenants and agrees *to re-convey to the Commonwealth of Pennsylvania, Grantor herein, the above described premises in ten (10) acre units* when the restoration of each unit satisfies the inspection of the Pennsylvania Department of Conservation and Natural Resources and complies also with applicable Pennsylvania Department of Environmental Protection regulations. Furthermore, *when George E. Logue, Inc. has completed all excavation of mineral deposits on the above described premises, George E. Logue, Inc. will then re-convey to the Commonwealth of Pennsylvania, Grantor herein, the residual if any, of the above described premises that were unaffected by such excavation of mineral deposit.* (Emphasis added.)

When one party, as here, has all the land at the end of the transaction, such a transaction cannot constitute a land swap by any common understanding of that term. While the Department suggests that the re-conveyance results in a better deal for the Commonwealth, and facially, it is, we do not look to see whether it is a better or worse deal, but only whether it complies with the Act. The net effect of the transaction is a lease to Logue to mine State Forest land, requiring the Department to seek competitive bids for the mining of minerals on State Forest land and making Section 302(a)(11) of the Act authorization of land exchanges inapplicable, thereby requiring the mine to be bid as required by Section 302(a)(6) of the Act. As such, we will deny the Department's motion for summary judgment and grant Milestone's cross-motion on that issue.[9]

 Even if the Agreement is for the sale of minerals and not a land exchange, the Department argues that rescinding the "land exchange" is outside of this Court's jurisdiction because it enjoys sovereign immunity and we cannot compel affirmative action on the part of State officials.[10] Sovereign immunity is the law of the Commonwealth under the state constitution as well as under statutory law. Article 1, Section 11 of the Pennsylvania State Constitution provides in relevant part that, "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Under statutory law, sovereign immunity is affirmed as follows:

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa.C.S. § 2310.

 In support of its position that sovereign immunity precludes relief, the De-

---

**9.** Based on our decision, we need not address whether the lands exchanged by the parties were of equal or greater value.

**10.** Our scope of review of the Department's actions is whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of its duties or functions. *Blumenschein v. Pittsburgh Housing Authori-* *ty,* 379 Pa. 566, 109 A.2d 331 (1954), *appeal dismissed,* 350 U.S. 806, 76 S.Ct. 68, 100 L.Ed. 724 (1955). That this Court might have a different opinion or judgment regarding the action of the Department is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion. *Id.*

partment relies upon *Bonsavage v. Borough of Warrior Run,* 676 A.2d 1330 (Pa. Cmwlth.1996), where we held that a mandatory injunction was unavailable against the State to compel it to undertake a discretionary duty. However, unlike cases where a discretionary duty is involved, the law is well settled that the doctrine of sovereign immunity does not bar suits that seek to compel state officials to carry out their duties only in a lawful manner. *See Duquesne Slag Products Company v. Lench,* 44 Pa.Cmwlth. 385, 403 A.2d 1065 (1979), *aff'd,* 490 Pa. 102, 415 A.2d 53 (1980); *Maute v. Frank,* 441 Pa.Super. 401, 657 A.2d 985 (1995). In a case most analogous to this one, *Commonwealth v. Pendleton,* 24 Pa.Cmwlth. 601, 356 A.2d 848, 849 (1976), we ordered the rescission of a contract entered into illegally for the sale of land. Citing *Oreovecz v. Merics,* 382 Pa. 56, 60, 114 A.2d 126, 128 (1955), we stated:

> Inadequacy of price, improvidence, surprise, and mere hardship, one of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded—such as fraud, mistake or illegality.

■ Because the terms of the Agreement provide that there is no exchange of land but a contract or lease to Logue to mine minerals from State Forest land and that requires bidding, the Department entered into an illegal contract. Because the contract is illegal, the purported exchange of lands must be rescinded. Accordingly, Milestone's motion for summary judgment is granted and we order the rescission of the deeds between the Department and Logue.

### ORDER

AND NOW, this 13th day of May, 1999, the motion for summary judgment filed by the Department of Conservation and Natural Resources, Commonwealth of Pennsylvania, and John C. Oliver, in his official capacity as Secretary of the Department of Natural Resources, is denied. The motion for summary judgment filed by Milestone Materials, Inc. is granted and the Department and Logue are ordered to execute the necessary papers to rescind the transaction.