# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Metro Dev V, LP | : | |
| | : | |
| v. | : | No. 1367 C.D. 2013 |
| | : | Argued: June 16, 2014 |
| Exeter Township Zoning Hearing | : | |
| Board, and Exeter Township and | : | |
| Sue Davis-Haas, Richard H. Haas, | : | |
| Ida C. Smith, Zildia Perez, Leon | : | |
| Perez, Donna Galczynski, Kevin | : | |
| Galczynski, Alan Ganas, Renee | : | |
| Froelich, Scott Matthews, Patricia | : | |
| Miravich and John J. Miravich | : | |
| | | |
| Appeal of: Sue Davis-Haas, Richard | : | |
| H. Haas, Ida C. Smith, Zildia Perez, | : | |
| Leon Perez, Donna Galczynski, Kevin | : | |
| Galczynski, Alan Ganas, Renee | : | |
| Froelich, Scott Matthews, John J. | : | |
| Miravich and Patricia J. Miravich | : | |


**BEFORE:** **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
**HONORABLE ROBERT SIMPSON,** Judge
**HONORABLE MARY HANNAH LEAVITT,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**          **FILED: July 24, 2014**


       This appeal involves the appropriate procedure after this court has invalidated an agreement between a developer and a township which included a provision requiring the developer to withdraw its procedural validity challenge in return for the township's agreement to apply the prior ordinance to the developer's

land development plan. Following this court's remand, Metro Dev V L.P. attempted to revive its validity challenge and the Zoning Hearing Board of the Township of Exeter (ZHB) held that it lacked jurisdiction because the challenge had been withdrawn. The Court of Common Pleas of Berks County reversed and remanded to the ZHB, and various objectors have now appealed to this court.

## Procedural History at the Municipal Level

Appellants are owners of properties adjacent to the proposed residential development of Metro Dev. The subject property is approximately 47.294 acres in an area where the boundary lines of the Township of Exeter, Berks County, Pennsylvania (Township) and two surrounding municipalities, Lower Alsace Township and Alsace Township, meet.

Prior to July 25, 2005, the Township's Zoning Ordinance No. 500 (Old Ordinance) was in effect. Under the Old Ordinance, the property was zoned "Low Density Residential." On July 25, 2005, the Township[1] enacted Zoning Ordinance No. 596 (New Ordinance), which changed the zoning classification of the property from low-density residential to suburban residential. The changed classification had the practical effect of reducing the number of residential lots permitted on the property from thirty to seven.

On August 24, 2005, Metro Dev filed a challenge to the validity of the New Ordinance with the ZHB pursuant to former Section 10909.1(a)(2) of the Pennsylvania Municipalities Planning Code (MPC),[2] alleging procedural

---

[1] Pursuant to Section 601 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65601, the Township is governed by a board of supervisors.

[2] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, *as amended*, *formerly* 53 P.S. § 10909.1(a)(2), deleted by the Act of July 4, 2008, P.L. 319.

2

irregularities in the adoption of that ordinance. On September 2, 2005, a preliminary subdivision plan was submitted for a residential development on the property called "Windy Willows," comprising thirty-four residential lots, twenty-six of which are located within the Township. The plan was based upon a sketch plan that had been previously submitted while the Old Ordinance was still in effect. Waivers were sought from the Township's Subdivision and Land Development Ordinance No. 550 (SALDO).

On September 26, 2005, the Township and Metro Dev entered into an "Agreement to Settle Litigation," whereby Metro Dev agreed to withdraw its procedural challenge to the New Ordinance in exchange for the Township's agreement to review and potentially approve the plan in accordance with the terms of the Old Ordinance. Settlement agreement at 1-2; R.R. 115a-16a. By letter dated October 3, 2005, Metro Dev withdrew its validity challenge. R.R. 151a-52a.

On July 14, 2008, the Township approved the plan, subject to certain conditions. The Township also granted waivers from certain sections of the SALDO, but expressly reserved its determination of other waiver requests until the final plan approval stage. Pursuant to the terms of the settlement agreement, the Township reviewed the plan under the provisions of the Old Ordinance.

**Procedural History of Land Use Appeal**

On August 13, 2008, Appellants filed a land use appeal with the trial court and, in response, Metro Dev intervened. The Township filed a motion to dismiss the appeal, arguing that Appellants lacked standing to file the appeal for failure to appear in the proceedings below. The trial court granted the Township's motion and dismissed Appellants' appeal. On appeal to this court, we held that Appellants, as adjacent landowners, had substantive standing to object to

3

subdivision plans both before the Township and in land use appeals, even though they had not appeared before the Township or the Township's Planning Commission. *Miravich v. Township of Exeter*, 6 A.3d 1076, 1079-1080 (Pa. Cmwlth. 2010) (*Miravich I*). We reversed and remanded.

On remand, the trial court denied Appellants' land use appeal. The trial court determined that the Township did not err by reviewing the plan under the Old Ordinance based upon the terms of the settlement agreement because municipalities are legally authorized to settle challenges to zoning ordinances. The trial court also upheld the Township's grant of waivers to Metro Dev and held that the Developer had standing to submit the plan.

From this decision, Appellants filed another appeal with this Court, asserting that (1) the proper procedure to challenge the New Ordinance was to have a hearing before the ZHB; (2) the settlement agreement was an invalid exercise of the Township's authority to settle the challenge to the New Ordinance; (3) the Township erred by applying the Old Ordinance instead of the New Ordinance to the plan; (4) the Township's approval of the plan was defective; and (5) Metro Dev lacked standing to seek preliminary plan approval. *Miravich v. Twp. of Exeter*, 54 A.3d 106 (Pa. Cmwlth. 2012) (*Miravich II*).

This court held that the Township lacked authority to determine which zoning ordinance would be applied to the plan for three reasons. First, the court held that Metro Dev's procedural challenge fell within the exclusive jurisdiction of the ZHB, not the Township. *Miravich II*, 54 A.3d at 111 (citing Section 909.1(a)(2) of the MPC, *formerly* 53 P.S. § 10909.1(a)(2), which required that validity challenges be raised before the zoning hearing board within 30 days of the effective date). Second, the court held that Metro Dev filed its challenge with the

4

ZHB and did not bring the matter before the Township as a substantive challenge pursuant to Sections 10609.1[3] or 10916.1(a)(2)[4] of the MPC. *Id.* Third, even if Metro Dev had filed its challenge with the Township, the Township was required to hold a hearing within sixty days of the request and provide notice of the hearing, events which did not occur. *Id.* The court concluded that by entering into the Settlement Agreement with Metro Dev and agreeing that the Old Ordinance would apply to the Plan, the Township completely usurped the role of the ZHB and violated the hearing and notice provisions of the MPC.[5] *Id.*

The court also held that the settlement agreement was an invalid exercise of the Township's authority to settle the procedural validity challenge to the New Ordinance. 54 A.3d at 112. The court determined that the settlement agreement was akin to contract zoning, which the Pennsylvania Supreme Court

---

[3] Added by the Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. § 10609.1. This section provides, in relevant part:

> …A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1 [53 P.S. § 10916.1].

53 P.S. § 10609.1(a).

[4] Added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10916.1(a)(2). This section provides:

> (a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:
> ****
> (2) to the governing body under section 909.1(b)(4), together with a request for a curative amendment under section 609.1.

[5] Citing the trial court's opinion, the Court noted that the parties do not dispute that the enactment process for the New Ordinance was procedurally defective. 54 A.3d at 111.

had expressly disapproved of in *Carlino v. Whitpain Investors*, 453 A.2d 1385, 1388 (Pa. 1982) (stating "[z]oning is an exercise of the police power … It is elementary that the legislative function may not be surrendered or curtailed by bargain or its exercise controlled by the considerations which enter into the law of contracts").

The court also held that the Township erred when it considered the plan under the Old Ordinance instead of the New Ordinance. 54 A.3d at 113. The court concluded that Metro Dev had submitted its plan after passage of the New Ordinance and, therefore, pursuant to Section 508(4)(i) of the MPC, 53 P.S. § 10508(4)(i), which provides that an application for subdivision approval is governed by the ordinance in effect at the time the application is filed, the New Ordinance applied.

With regard to Appellants' arguments that the Township's approval of the plan was defective, the court rejected some arguments and accepted others.[6] The court rejected Appellants' assertion that the sewage certification was required at the initial stage. *Id*. at 114. The court held that Section 10512 of the MPC, 53 P.S. § 10512.1, vests discretion with the Township to grant or deny any and all waivers raised by Metro Dev. *Id.* The court concluded that because the Township had failed to explain the nature of the hardship for the waivers granted, it had failed to provide a proper basis for this court to determine whether the Township had erred or abused its discretion in granting the waivers. *Id.*

---

[6] Appellants assert that the Township's approval of the plan was defective for (1) failure to require sewage certification at the initial stage; (2) the lack of substantial evidence to support the grant of the SALDO waivers; and (3) having postponed a decision on the grant of certain waivers until review of the final plan.

Finally, the court held that the developer had standing as an equitable owner to seek preliminary plan approval. *Id.* The court concluded by stating "we affirm in part, reverse in part and remand the matter for reconsideration in accordance with the foregoing opinion." *Id.*

**Procedural History After *Miravich II***

Both parties filed petitions for allowance of appeal to the Pennsylvania Supreme Court, which were ultimately denied, and the plan approval appeal proceeded on remand.[7] Meanwhile, however, while the allocator petitions were pending, Metro Dev sent a one page letter to the ZHB requesting that it conduct a hearing on its validity challenge Metro Dev filed in August 2005 and subsequently withdrawn pursuant to the terms of the settlement agreement. R.R. at 90a.[8] The ZHB held a hearing on the validity challenge at which it heard testimony and received into evidence exhibits regarding the legal status of the 2005 challenge and the relevancy of the court's decision in *Miravich II* declaring the settlement agreement invalid. The ZHB concluded that there was nothing before it to consider because Metro Dev had unconditionally withdrawn its challenge in October 2005. ZHB's 2013 Opinion at 2. The ZHB also held that it could not exercise equity powers to conclude that Metro Dev's withdrawal of the challenge

---

[7] After the denial of allocator, common pleas, *sua sponte*, further remanded the case to the ZHB for consideration of the development plan consistent with this court's decision. An appeal from that order was argued concurrently with this appeal, *Metro Dev V L.P. v Exeter Township Zoning Hearing Board*, (Pa. Cmwlth. No. 1367 C.D. 2013, filed ___).

[8] Metro Dev asserted that the matter had been remanded from this court and that the validity challenge had been filed before the 2008 statutory change. In 2008, the General Assembly repealed Section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1(a)(2), which provided that procedural validity challenges were to be heard before a zoning hearing board. Currently, Section 5571.1 of the Judicial Code, 42 Pa. C.S. § 5571.1, contains the procedures governing procedural validity challenges and provides that such challenges are to be initiated in the court of common pleas.

was nullified by this court's determination that the settlement agreement was invalid because zoning boards have no equity powers. *Id.* at 2-3.

On April 12, 2013, Metro Dev appealed to the trial court challenging both the ZHB's denial based on jurisdictional grounds and the validity of the New Ordinance. The trial court found that Metro Dev had properly filed an appeal within 30 days after the adoption of the New Ordinance, which was only withdrawn after an agreement was reached between the parties. The trial court remanded to the ZHB for a determination on the merits by order dated July 15, 2013.

Appellants filed a notice of appeal to this court and the trial court ordered that they file a concise statement of errors on appeal. Appellants argued that (1) because Metro Dev had withdrawn its appeal, the ZHB had lost jurisdiction after 30 days; (2) this court's order remanded the matter to the trial court, not the ZHB, and the proceedings before the trial court are an improper collateral attack on *Miravich II*; (3) the ZHB lacked jurisdiction because petitions for allowance of appeal were pending before the Pennsylvania Supreme Court; (4) the procedural validity challenge is barred by laches; (5) pursuant to 42 Pa. C.S. § 5571.1, a direct action in the trial court must be brought against the Township, which has not been named as a party by Metro Dev; (6) the challenge is barred by unclean hands; and (7) the challenge is moot because *Miravich II* recognized the New Ordinance was in effect at the time of the subdivision application and therefore, validity is irrelevant.

In an opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), the trial court concluded that the settlement agreement was a contract between Metro Dev and the Township and

8

that when the *Miravich II* court held it to be invalid, Metro Dev did not receive the benefit of the contractual bargain. Consequently, Metro Dev should be placed back in its original position and the ZHB had jurisdiction to hear the 2005 validity challenge. Trial Court's 2013 Opinion at 5. The trial court also determined that in *Miravich II* the court intended the matter to be remanded to the ZHB because only the ZHB has jurisdiction over a procedural validity challenge filed in 2005. The trial court found that the issues raised in the petitions for allowance of appeal would not conflict with resolution of the validity challenge by the ZHB. The trial court also held that the validity challenge was not barred by laches because the delay was caused by ongoing litigation and because Metro Dev properly relied upon the apparent authority of the Township with regard to its pursuit of its land development application. The trial court further held that unclean hands did not apply in the matter because both the Township and the trial court found the settlement agreement to be valid. Before this court, Appellants raise the same seven issues.

## Analysis

A settlement agreement is considered a contract under Pennsylvania law. *Oakmont Presbyterian Home v. Dep't of Pub. Welfare*, 633 A.2d 1315, 1320 (Pa. Cmwlth. 1993). Consequently, the court must consider what effect contract law has upon an invalidated settlement agreement in determining whether Metro Dev's validity challenge could be reinstated.

The court's invalidation of the settlement agreement can be characterized as a form of equitable rescission of a contract. *Roxy Auto Co. v. Moore*, 122 A.2d 87, 88 (Pa. Super. 1956) (stating that if a court's refusal to enforce or rescind an illegal contract would have a harmful effect upon parties for

9

whose protection the law making the contract illegal exists, then either enforcement or rescission is permitted). Rescission "amounts to the unmaking of a contract, and is not merely a termination of the rights and obligations of the parties towards each other, but is an abrogation of all rights and responsibilities of the parties towards each other from the inception of the contract." *Keenheel v. Commonwealth*, 579 A.2d 1358, 1361 (Pa. Cmwlth. 1990) [quoting *Metro. Prop. & Liab. Ins. Co. v. Pa. Ins. Comm'r*, 509 A.2d 1346, 1348 (Pa. Cmwlth. 1986)]. The purpose of equitable rescission is to return the parties as nearly as possible to their original positions with regard to the subject matter of the contract. *Id.* Rescission is a discretionary matter based upon the circumstances of each particular case. *Duc v. Struckus*, 26 A.2d 897 (Pa. 1942).

In *Milestone Materials, Inc. v. Department of Conservation and Natural Resources*, 730 A.2d 1034 (Pa. Cmwlth. 1999), this court ordered rescission of an illegal contract. The Department and a quarrier, George E. Logue, Inc., agreed to an exchange of lands which would allow Logue to reopen an abandoned quarry located on state lands. Milestone, another quarrier, petitioned for review of the agreement asserting that the agreement was illegal because the contract provided that Logue could re-convey the lands back to the Department upon completion of mining. The court determined that the re-conveyance provision transformed the contract from an exchange of lands to a mining contract, circumventing regulatory requirements associated with contracts or leases for the removal of minerals from state lands. The court concluded that the contract was illegal and ordered rescission of the deeds between the Department and Logue, returning both parties to the positions they occupied prior to execution of the agreement to exchange lands. *Id.* at 1039.

Metro Dev filed a timely challenge to the enactment of the New Ordinance, which all parties have acknowledged was not properly enacted, and which in the intervening time has been superseded several times. In return for withdrawing the validity challenge, the Township agreed to consider the Plan under the Old Ordinance. Metro Dev justifiably relied upon the Township's representation that it was authorized to settle the validity challenge. The purpose of former Section 10909.1(a)(2) of the MPC was to protect landowners from improper enactment of zoning ordinances. If the validity challenge is not reinstated, Metro Dev's Plan is unfairly subject to scrutiny under an ordinance which was not properly enacted and is not currently in effect. Because the settlement agreement has been invalidated, unmaking the contract between Metro Dev and the Township by judicial order, equity requires that Metro Dev must be returned to its position prior to execution of the settlement agreement. Therefore, the ZHB is required to decide the merits of the procedural validity challenge under the statutory procedure in effect in 2005.

Appellants argue that Metro Dev's validity challenge is moot based upon application of the law of the case doctrine because in *Miravich II*, this Court expressly held that "the Township erred by not reviewing the Plan under the New Ordinance." 54 A.3d at 113.[9]

Law of the case doctrine provides that a court involved in the later phases of litigation should not reopen questions decided by another judge of that

---

[9] Metro Dev asserts that law of the case has been waived because Appellants did not raise it before the trial court. Metro Dev's Brief at p. 31. In paragraph 2 of Appellants' concise statement of errors complained of on appeal, they asserted that "the proceedings before this Court are an improper collateral attack on the Commonwealth Court's prior decision and a violation of the principles of coordinate jurisdiction." Trial Court's Opinion at 3. This statement sufficiently preserved the issue.

11

same court or by a higher court in the earlier phases of the matter. *Anter Assocs. v. Zoning Hearing Bd.*, 79 A.3d 1230, 1233 (Pa. Cmwlth. 2013). Law of the case applies only to an issue that has been decided in an earlier appeal in the same case between the same parties. *In re Pa. Tpk. Comm'n*, 715 A.2d 1219, 1223 n.10 (Pa. Cmwlth. 1998). Law of the case doctrine does not apply where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous or would create a manifest injustice if followed. *Sossong v. Shaler Area Sch. Dist.*, 945 A.2d 788, 793 (Pa. Cmwlth. 2008).

We note first that the court in *Miravich II* said that the Township *should have* reviewed the plan under the new ordinance, not that it should do so on remand. This statement was made in reference to the general principle of law that, "If a sketch plan is not a mandatory step in a municipality's land development process, the date the applicant submits its preliminary plan is the date that governs which version of a zoning ordinance applies." 54 A.3d at 113. It did not in this context address the validity challenge which, had it gone forward successfully, would have struck down the New Ordinance. Rather it was simply stating that, because at the time the preliminary plan was considered the challenge had been withdrawn and the New Ordinance remained in effect, the Township could not base its approval of the plan on the Old Ordinance. It did not suggest one way or the other whether the procedural challenge could go forward in the future, or how that would affect the plan approval process thereafter. The procedural posture and the relevant facts have changed since the time the plan was approved. As a consequence of the court's invalidation of the settlement agreement, the parties return to their positions *status quo ante,* and the law of the case doctrine does not

12

in any way foreclose the Township from applying the appropriate ordinance after the procedural challenge is decided by the ZHB.[10]

      For all of the foregoing reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[10] Based upon our conclusion that the parties have been restored to *status quo ante*, we need not address Appellants' other arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Metro Dev V, LP | : | |
| | : | |
| v. | : | No. 1367 C.D. 2013 |
| | : | |
| Exeter Township Zoning Hearing | : | |
| Board, and Exeter Township and | : | |
| Sue Davis-Haas, Richard H. Haas, | : | |
| Ida C. Smith, Zildia Perez, Leon | : | |
| Perez, Donna Galczynski, Kevin | : | |
| Galczynski, Alan Ganas, Renee | : | |
| Froelich, Scott Matthews, Patricia | : | |
| Miravich and John J. Miravich | : | |
| | | |
| Appeal of: Sue Davis-Haas, Richard | : | |
| H. Haas, Ida C. Smith, Zildia Perez, | : | |
| Leon Perez, Donna Galczynski, Kevin | : | |
| Galczynski, Alan Ganas, Renee | : | |
| Froelich, Scott Matthews, John J. | : | |
| Miravich and Patricia J. Miravich | : | |

# **O R D E R**

AND NOW, this 24th day of July, 2014, the order of the Court of Common Pleas of Berks County is hereby AFFIRMED.

 

 

 
_____
**BONNIE BRIGANCE LEADBETTER,**
Judge