IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tresa Walker, LaTorya Davis :
and Travis Stambaugh, :
    Petitioners :
    v. :  No. 300 M.D. 2022
     :  Submitted: October 10, 2023
Mifflin County District Attorneys :
Office; Mayors Office for Borough :
of (Lewistown); Office of Attorney :
Generals; Mifflin County & :
Pennsylvania State Officials in their :
official capacities, :
    Respondents :

BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE LORI A. DUMAS, Judge
    HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT     FILED: January 19, 2024

   Before this Court are the preliminary objections of the Mifflin County District Attorney's Office (District Attorney's Office), Mayor's Office for Borough of Lewistown (Mayor's Office), and Mifflin County (County) (together, "Respondents") to Tresa Walker, LaTorya Davis, and Travis Stambaugh's (Petitioners) petition for review filed in this Court's original jurisdiction. For the reasons that follow, we overrule in part and sustain in part Respondents' preliminary objections.

   The petition for review, titled "petition for writ in mandamus and/or extraordinary relief," alleges that Respondents failed to investigate, prosecute, or take actions in response to a series of criminal assaults allegedly committed on Walker and Davis by Dwayne T. Jones. The petition further alleges that Petitioners

reported Respondents' alleged misconduct to the Office of Attorney General for investigation, which took no action. The petition asks this Court to compel Respondents to initiate a criminal proceeding against Jones, and grant unspecified damages and costs. The petition also asks this Court to compel the Office of Attorney General to initiate "an official internal investigation upon all factual allegations of said police/prosecutorial misconduct pursuant to [34] USC [] 12601(b)."[1] Petition for Review at 30.

In response, Respondents filed preliminary objections.[2] The District Attorney's Office and the County's preliminary objections challenge the petition on the following grounds. First, they argue that Stambaugh lacks standing to sue because the petition does not allege that he was personally aggrieved by Jones' alleged criminal conduct or Respondents' actions. Second, they argue that the petition fails to conform to law because Stambaugh, who is not an attorney, signed the petition on behalf of Walker and Davis. Third, they assert that the County has

---

[1] 34 U.S.C. §12601 states:

> (a) Unlawful conduct
>
> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> (b) Civil action by Attorney General
>
> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

[2] The Office of Attorney General has not filed preliminary objections or an answer in this matter.

governmental immunity under Section 8541 of what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act),[3] and the District Attorney's Office is protected by official immunity under Section 8545 of the Tort Claims Act[4] as well as quasi-judicial immunity. Finally, they argue that any allegations related to damages should be stricken from the petition due to insufficient specificity.

The Mayor's Office also filed preliminary objections, which likewise seek to dismiss the petition based on the foregoing grounds.[5]

Initially,

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (internal citation omitted). Further, "courts reviewing preliminary objections may not only consider

---

[3] 42 Pa. C.S. §8541. It states, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

[4] 42 Pa. C.S. §8545. It states, "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter."

[5] The Mayor's Office also sought to dismiss the petition for improper service. By order dated September 28, 2022, the Court asked Petitioners to serve the petition, with all exhibits attached, on Respondents in person or by certified mail as required by PA. R.A.P. 1514(c) and file with the Court a certificate of service within 14 days. Petitioners did so on October 7, 2022.

the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

With these principles in mind, we consider Respondents' preliminary objections *seriatim*.

### I. Stambaugh's Standing to Sue

First, Respondents' preliminary objections challenge Stambaugh's standing to sue because the petition for review does not allege that Stambaugh was aggrieved by Respondents' actions. The petition alleges that Jones committed a series of criminal assaults on Davis and Walker, and Respondents took no actions in response. As to Stambaugh, the petiton alleges that he filed a private criminal complaint on behalf of Walker with the District Attorney's Office. After the District Attorney's Office refused to take action, Stambaugh wrote letters to various governmental entities including the Attorney General's Office and the Mayor's Office, to which he received no response.

"[A] person who is not adversely impacted by the matter he seeks to challenge does not have standing to proceed with the court system's dispute resolution process." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005). "[T]he requirement of standing arises from the principle that judicial intervention is appropriate only when the underlying controversy is real and concrete," and "a controversy is worthy of judicial review only if the individual initiating the legal action has been 'aggrieved.'" *Id.* (citations omitted).

On November 15, 2022, almost three months after being served on the preliminary objections by the Mayor's Office, Petitioners submitted an amended petition for review alleging that Stambaugh is an aggrieved party and has a personal interest in this matter. Specifically, the amended petition alleges that Jones

4

committed criminal assault on Stambaugh by pointing a gun at him, but Respondents wrongfully prosecuted Stambaugh based on fabricated evidence. Pennsylvania Rule of Appellate Procedure 1516(b) provides that "[e]very pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading[.]" PA. R.A.P. 1516(b). Here, Petitioners filed the amended petition for review beyond the 30-day time frame without this Court's permission or consent of Respondents; as such, we cannot consider Petitioners' amended petition as part of the pleadings.

Because the petition for review does not allege that Stambaugh was aggrieved by Respondents' actions, we sustain Respondents' preliminary objections and dismiss Stambaugh from this matter for his lack of standing to sue.

## II. Stambaugh's Authority to Bring Action

The District Attorney's Office and the County's preliminary objections also seek to dismiss the petition in its entirety because Stambaugh, who is not an attorney, signed the petition on behalf of Walker and Davis. The petition does not allege that Stambaugh has a power of attorney to act on behalf of either Petitioner. A person who does not have authority to bring an action lacks the capacity to sue. *In re Estate of Sauers*, 32 A.3d 1241, 1248-49 (Pa. 2011).

While Stambaugh signed the petition on behalf of Walker and Davis, the record indicates that Walker and Davis each filed a letter on July 29, 2022, and August 4, 2022, in which they indicated their intention to represent themselves as *pro se* and verified that all of the facts and information enclosed in the petition were true and correct to the best of their knowledge. Respondents did not object to the filing of these two letters. Because Walker and Davis have indicated that they represent themselves in this matter, we overrule the District Attorney's Office and

5

the County's preliminary objections challenging Stambaugh's authority to bring this action.

### III. Immunity

Respondents' preliminary objections further assert that Petitioners are not allowed to recover damages against them because such a claim is barred by governmental immunity and official immunity under Sections 8541 and 8545, respectively, of the Tort Claims Act as well as quasi-judicial immunity.

However, the petition for review seeks mandamus relief, and "[a]ctions in mandamus are not subject to the defense of sovereign immunity." *Banfield v. Cortes*, 922 A.2d 36, 43 (Pa. Cmwlth. 2007) (citation omitted). This court has stated that the doctrine of sovereign immunity does not bar suits that seek to compel an agency or officer to perform a ministerial or mandatory statutory duty. *Id*. (citing *Milestone Materials, Inc. v. Department of Conservation and Natural Resources*, 730 A.2d 1034 (Pa. Cmwlth. 1999), and *City of Philadelphia v. Shapp*, 403 A.2d 1043 (Pa. Cmwlth. 1979)). Further, as a general matter, a successful plaintiff in a mandamus action is entitled to damages. Under Section 8303 of the Judicial Code, a defendant in a mandamus action "who is adjudged . . . to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa. C.S. §8303. *See also Maurice A. Nernberg & Associations v. Coyne*, 920 A.2d 967, 970 (Pa. Cmwlth. 2007).

Accordingly, we overrule Respondents' preliminary objections asserting governmental immunity, official immunity, and quasi-judicial immunity.

## IV. Lack of Specificity on Damages

Finally, Respondents argue that allegations on damages should be stricken from the petition due to insufficient specificity. Petitioners did not plead facts to identify what damages were sustained that were caused by the alleged misconduct of any of the Respondents.

A party must plead the material facts on which a cause of action is based. PA. R.CIV.P. 1019(a). Averments of time, place, and items of special damage shall be stated specifically. PA. R.CIV.P. 1019(f). Pennsylvania Rule of Civil Procedure 1028(c)(3) authorizes Respondents to object to the petition for review on the basis that it was insufficiently specific. PA. R.CIV.P. 1028(c)(3). "The purpose of a preliminary objection raising specificity is to ensure that an adverse party's ability to answer and defend will not be unduly impaired by a pleader's vagueness in stating the grounds of his suit." *Stilp v. Commonwealth*, 910 A.2d 775, 786 (Pa. Cmwlth. 2006). "Thus, the purpose is to require the pleader to disclose the material facts sufficient to enable the adverse party to prepare his or her case." *Id*.

The petition alleges that Jones committed a series of criminal assaults on Davis and Walker, and Respondents took no actions despite Davis and Walker's reports of these crimes. The petition asks that this Court compel Respondents to perform their official duties by initiating a criminal proceeding against Jones, and grant damages and costs. Because the petition does not specify what damages or costs Petitioners sustained from Respondents' alleged actions, we sustain Respondents' preliminary objections challenging the claim for damages and costs as insufficiently specific and strike those claims from the petititon.

7

## Conclusion

For the foregoing reasons, we sustain in part and overrule in part Respondents' preliminary objections to the petition for review. Specifically, we sustain the District Attorney's Office and the County's preliminary objection challenging Stambaugh's standing to sue and dismiss Stambaugh from this matter as a petitioner. We overrule the District Attorney's Office and the County's preliminary objection challenging Stambaugh's authority to bring this action because Walker and Davis have indicated to this Court that they represent themselves in this matter. We overrule the District Attorney's Office and the County's preliminary objection raising immunity because Petitioners are seeking mandamus relief. We sustain the District Attorney's Office and the County's preliminary objection raising a lack of specificity in the pleading and strike the claim for damages and costs from the petition for review.

Likewise, we sustain the Mayor's Office's preliminary objections as to Stambaugh's standing to sue. We sustain the Mayor's Office's preliminary objection raising a specificity challenge to Petitioners' claim for damages and costs. We overrule the Mayor's Office's preliminary objection asserting immunity.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tresa Walker, LaTorya Davis         :
and Travis Stambaugh,               :
            Petitioners             :
        v.                          :    No. 300 M.D. 2022
                                    :
Mifflin County District Attorneys   :
Office; Mayors Office for Borough   :
of (Lewistown); Office of Attorney  :
Generals; Mifflin County &          :
Pennsylvania State Officials in their :
official capacities,                :
            Respondents             :

# O R D E R

AND NOW, this 19th day of January, 2024, the preliminary objections raised by the Mifflin County District Attorney's Office, Mayor's Office for Borough of Lewistown, and Mifflin County are SUSTAINED in part and OVERRULED in part in accordance with the foregoing opinion. The Mifflin County District Attorney's Office, Mayor's Office for Borough of Lewistown, and Mifflin County are directed to file an answer to the Petition for Review within thirty (30) days of the date of this Order.

_____
MARY HANNAH LEAVITT, President Judge Emerita